IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00183 |
| § | |
| CLASSIC AUTO RESTYLING, LLC § | |
| § | |
| Defendant § | |

**PLAINTIFF ARCH INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Arch Insurance Company ("Arch") files this Complaint for Declaratory Judgment against Defendant Classic Auto Restyling, LLC ("Classic Auto") and respectfully shows the Court as follows:

### I.    PARTIES

1.    Arch Insurance Company is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of New Jersey. At all relevant times, Arch Insurance Company was authorized to do business in the State of Texas.

2.    Classic Auto Restyling, LLC is a Texas limited liability company. Classic Auto may be served through its registered agent Efren Villalobos located at 3415 West Wall Street, Midland, TX 79701. Citation is requested for this defendant.

### II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28. U.S.C. § 2201-2202.

1

4. In addition, this court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Arch and Classic Auto are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred within this District.

6. Venue is also appropriate in this Court under 28 U.S.C. §1391(a)(3) because Classic Auto has, at all material times, conducted business in Texas.

### III.   BACKGROUND

7. Arch issued Policy No. GCPKG0113200 to Classic Auto with effective dates of June 6, 2017 to June 6, 2018 (the "Arch Policy").

8. On August 15, 2017, Classic Auto reported a claim for wind and hail damage to Arch allegedly sustained at its property located at 3415 West Wall Street, Midland, Texas.

9. Arch promptly acknowledged the claim and commenced its investigation.

10. On August 22, 2017, Arch issued a Reservation of Rights letter, explaining that the damages sought by Classic Auto may not be covered by the Arch Policy. The Reservation of Rights specifically cited several Arch Policy terms that may apply, including the requirement that a covered loss occur during the Arch Policy period.

11. Arch's subsequent investigation showed that the claimed damages occurred outside its policy period and were not caused by wind or hail. The damages were caused by defective installation, poor maintenance, general wear and tear, and other conditions not covered by the insurance policy issued by Arch.

12. On December 22, 2017, Arch issued a denial letter to Classic Auto, which stated the results of its investigation. The letter explained that the damages claimed by Classic Auto

were not caused by a covered loss that occurred during the Arch Policy period. The letter also explained that the damages were excluded by the Arch Policy's terms.

13. At Classic Auto's request, Arch also provided a copy of the engineering report supporting its coverage decision.

14. Several months later, on April 16, 2018, Classic Auto issued a letter to Arch demanding that the claim be appraised pursuant to the terms of the insurance policy.

15. Arch then advised Classic Auto that appraisal was not appropriate, but also requested a re-inspection to address damages that had not been previously reported. Classic Auto did not respond to the request for re-inspection.

16. Classic Auto proceeded to appraisal and sought a court-appointed umpire without serving Arch. The umpire later issued an appraisal award of $351,464.48.

17. Arch now seeks a declaration that the appraisal was inappropriate and that it is not bound by the award.

## VI.   REQUEST FOR DECLARATORY RELIEF

18. Arch repeats and incorporates by reference Paragraphs 1 through 17, as though set forth fully herein.

19. Arch asserts that the award should be set aside because the damages it addresses were not caused by a covered cause of loss. The Arch Policy provides:

### CAUSES OF LOSS - SPECIAL FORM

**A.   Covered Causes of Loss**

   When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B.   Exclusions**

\* \* \*

2. We will not pay for loss or damage caused by or resulting from any of the following:

    **d.**  **(1)**  Wear and tear;

    **(2)**  Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

    **(3)**  Smog;

    **(4)**  Settling, cracking, shrinking or expansion;

\* \* \*

3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **a.**  Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

    **b.**  Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.**  Faulty, inadequate or defective:

    **(1)**  Planning, zoning, development, surveying, siting;

    **(2)**  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    **(3)**  Materials used in repair, construction, renovation or remodeling; or

    **(4)**  Maintenance;

    of part or all of any property on or off the described premises

\* \* \*

**C.   Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.**   We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

\* \* \*

**c.**   The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(1)**   The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

**(2)**   The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

20.   Arch's investigation showed that Classic Auto's claimed damages were not caused by a covered cause of loss. Instead, its investigation showed that the water intrusion claimed by Classic Auto was an ongoing condition resulting from poor workmanship and a lack of proper waterproofing. Because those conditions were not caused by a covered cause of loss sustained during the Arch Policy period, the appraisal award is improper.

21.   The Texas Supreme Court has specifically ruled that appraisal awards may address the amount of damages, but not whether they were caused by a covered loss. *State Farm v. Johnson*, 290 S.W.3d 886, 892 (Tex. 2009); *see also Texas Windstorm Ins. Assoc. v. Dickinson*

*Independent Sch. Dist.*, No. 14-16-00474-CV, 2018 WL 2436924 (Tex. App. – Houston [14th Dist.] May 31, 2018, no pet. h.). Thus, this request is appropriate because the award did not address causation and because Arch has viable causation defenses to this claim.

## VII. JURY TRIAL

22. Arch demands a jury trial.

## VIII. CONCLUSION

Based upon the foregoing, Plaintiff Arch Insurance Company requests that the Court issue a declaration that it is not bound by the appraisal award issued to Classic Auto Restyling, LLC, and that the damages claimed by Classic Auto Restyling, LLC are not covered by its Policy. Arch also requests that it be awarded all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Brian S. Martin*
  BRIAN S. MARTIN, Attorney-In-Charge
  State Bar No. 13055350
  *E-Mail: bmartin@thompsoncoe.com*
  MARILYN S. CAYCE
  State Bar No. 17705500
  *E-Mail:* mcayce@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299