IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY §<br>  Plaintiff, Counter-Defendant §<br>§<br>v. §<br>§<br>CLASSIC AUTO RESTYLING, LLC, §<br>  Defendant, Counter-Plaintiff, §<br>  Third-Party Plaintiff, §<br>§<br>v. §<br>§<br>OCIE MORGAN, GRUNDY §<br>INSURANCE, JAMES ADAMS §<br>GRUNDY AND NEELY, CRAIG & §<br>WALTON, LLP §<br>  Third-Party Defendants. §<br>§ | Civil Action No. 7:18-cv-00183 |

**THIRD-PARTY PLAINTIFF, CLASSIC AUTO RESTYLING, LLC'S MOTION FOR
DEFAULT JUDGMENT AGAINST OCIE MORGAN**

Third-Party Plaintiff, Classic Auto Restyling, LLC ("CLASSIC AUTO") files this Motion for Entry of Default Judgment against Third-Party Defendant Ocie Morgan ("MORGAN") as follows:

**BACKGROUND AND SUMMARY**

1. On January 23, 2020, Classic Auto filed its Complaint and Original Claims Against Third-Party Defendants, including MORGAN. ("Classic Auto's Complaint") with the Court.

2. Third-Party Defendant MORGAN was served with summons and a copy of Classic Auto's Complaint by private process server on February 4, 2020. The Return of Service showing service of summons and Classic Auto's Complaint upon Morgan was filed with the Court on February 5, 2020.

3. Morgan acted as a third party adjuster who adjusted Classic Auto's claim on behalf

of Arch Insurance Company ("Arch") for storm related property damages while Classic Auto's property was insured by Arch, with such storm occurring on or about June 14, 2017. MORGAN denied Classic Auto's claim for damages on or about August 23, 2017.

4. Thereafter, Classic Auto disagreed and disputed the amount of storm related loss to its property with Arch and invoked appraisal, pursuant to the terms of the insurance policy issued to Classic Auto by Arch. An umpire was appointed, pursuant to the insurance policy's appraisal clause who, in conjunction with the appraisal panel, issued a binding and enforceable Umpire's Appraisal Award in the sum of $362,872.08 in Replacement Cost Value (RCV) on or about September 13, 2018. A true and correct copy of the Umpire's Appraisal Award is attached hereto as Exhibit "A" for all purposes as if fully set forth. Pursuant to the insurance policy issued to Classic Auto by Arch, the Umpire's Appraisal Award is binding on both Classic Auto and Arch as to the amount of Classic's loss.

5. Arch failed and refuses to pay the Umpire's Appraisal Award to Classic Auto and instead, file suit against its insured, Classic Auto, seeking to avoid paying this claim.

6. Classic Auto filed a counterclaim and also Third-Party Claims against MORGAN and/or others, alleging, inter alia, claims for Deceptive Trade Practices Act violations and Unfair Insurance Practices, both of which support an award of reasonable and necessary attorneys' fees to a prevailing party bringing such claims.

7. MORGAN, wholly failed to answer and/or otherwise respond to the Third-Party Complaint filed against him and Classic Auto has requested that the Clerk enter default against MORGAN.

8. Assuming that the Clerk will enter a default against MORGAN, Classic Auto now moves the Court to enter a Default Judgment against Ocie Morgan as follows:

Case 7:18-cv-00183-DC   Document 63   Filed 05/21/20   Page 3 of 6

      a.      $362,872.08 for its damages as determined by the Umpire's Appraisal Award;

      b.      Reasonable and necessary attorneys' fees in the sum of $19,816.25, as set forth in the affidavit of Christopher G. Lyster, attached hereto as Exhibit "B" for all purposes as if fully set forth;

      c.      Prejudgment interest at the rate of 5% per annum, commencing on September 1, 2017 (following MORGAN's wrongful denial of Classic Auto's claim on August 23, 2017) amounting to $101,226.24 (32 months at 5% interest).

9.      In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by thes office; and (3) entry of a default judgment by the district court. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. The clerk will enter default when default is established by an affidavit or otherwise. After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. Classic Auto hereby makes such application seeking entry of judgment against Ocie Morgan.

10.      "A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing."

11.      The prerequisites for entering a default judgment have been satisfied in this matter.

CLASSIC AUTO'S MOTION FOR DEFAULT JUDGMENT AGAINST OCIE MORGAN

PAGE 3

First, MORGAN is neither a minor nor an incompetent person, and not active in military service. Second, MORGAN has not filed any responsive pleadings or otherwise appeared in this case, and thus has not contested any facts presented in Complaint. Third, MORGAN's failure to respond to Classic Auto's Complaint "threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing its rights afforded by law." Fourth, there is no evidence before the Court that a good faith mistake or excusable neglect caused the default. Fifth, MORGAN has had over sixty (60) days to answer or otherwise respond to Classic Auto's Complaint, "mitigating the harshness of a default judgment."

12. Finally, there is no good cause for which the Court would be obligated to set aside the default if later challenged by MORGAN.

13. The well-pleaded facts of Classic Auto's Complaint against Morgan support entry of default judgment. Specifically, Classic Auto's Complaint alleges that MORGAN wrongfully denied CLASSIC AUTO's claim in its entirety, when in reality, the appraisal process determined that Classic Auto's property was indeed damaged by the storm in question and its loss attributable to that storm (and Classic Auto's claim) was $362,872.08. MORGAN'S denial of this obviously valid claim was alleged by Classic Auto to be, amongst other things, a deceptive trade practices act violation and also an unfair insurance practice, both of which support an award of attorneys' fees.

14. Taking these allegations as true, Classic Auto's Third Party Complaint presents sufficient basis for entry of a Default Judgment in its favor against MORGAN and Classic Auto respectfully requests that the Court enter default judgment against MORGAN accordingly.

## CONCLUSION

15. For the reasons set forth above, Classic Auto respectfully requests that this Court:

(1) award to Classic Auto damages in the sum of $362,872.08, prejudgment interest in the sum of $101,226.24 and reasonable and necessary attorneys' fees in the sum of $19,816.25. Classic Auto is contemporaneously filing a proposed Default Judgment for the Court's consideration and entry.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Classic Auto Restyling, LLC prays that the Court grant this Motion to Enter Default Judgment against Third-Party Defendant OCIE MORGAN in accordance this motion in the form of the proposed Default Judgment being filed contemporaneously herewith and for such other and further relief to which Classic Auto Restyling, LLC may show itself to be entitled.

Respectfully submitted,

*/s/ Christopher G. Lyster*
Christopher G. Lyster
State Bar No. 12746250
Email: chris@pulshaney.com
PULS HANEY LYSTER, PLLC
301 Commerce St., Ste. 2900
Fort Worth, Texas 76102
Telephone: 817.338.1717
Facsimile: 817.332.1333

AND

Todd M. Hurd
State Bar No. 24025443
Email: t.hurd@texasattorneylaw.com
TODD HURD & ASSOCIATES
P O Box 1741
Burleson, Texas 76097
Telephone: 817.426.4529
Facsimile: 817.426.8159

**ATTORNEYS FOR
CLASSIC AUTO RESTYLING, LLC**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of May, 2020, a true and correct copy of the foregoing document was sent via e-filing as shown below:

Christopher H. Avery
cavery@thompsoncoe.com
Brian S. Martin
bmartin@thompsoncoe.com
Marilyn S. Cayce
mcayce@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
T. (713) 403-8210
F. (713) 403-8299

                                          */s/ Christopher G. Lyster*
                                          Christopher G Lyster