IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, § | |
| *Plaintiff/Counter-Defendant,* § | |
| § | |
| v. § | |
| § | |
| CLASSIC AUTO RESTYLING, LLC, § | |
| *Defendant/Counter-Plaintiff/* § | MO:18-CV-183-DC |
| *Third-Party Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| JAMES ADAMS GRUNDY, GRUNDY § | |
| INSURANCE, and OCIE MORGAN, § | |
| *Third-Party Defendants.* § | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

BEFORE THE COURT is the Motion for Default Judgment filed by Defendant/Third-Party Plaintiff Classic Auto Restyling, LLC (Classic Auto). (Doc. 63). After due consideration, the Court **DENIES** the Motion for Default Judgment. *Id.*

**I. BACKGROUND**

This case arises from an insurance coverage dispute related to a June 14, 2017 hailstorm. (*See* Doc. 35 at 4). Plaintiff/Counter-Defendant Arch Insurance Company initially filed this case as a declaratory judgment action against Classic Auto, requesting a declaration that damage to Classic Auto's commercial property was not covered under the relevant insurance policy. (*See* Doc. 1). Classic Auto requested and received the Court's leave to file a counterclaim and third-party complaint. (*See* Doc. 33). Classic Auto filed its Counter Complaint/Third-Party Complaint (Third-Party Complaint) on January 23, 2020. (Doc. 35). One of the defendants named in the Third-Party Complaint is Defendant Ocie Morgan (Morgan). *Id.* at 2. The record indicates Morgan was served with a copy of the Third-Party Complaint and a summons on February 3,

2020. (Doc. 41 at 2). Accordingly, Morgan's answer was due February 24, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Morgan failed to file an answer.

On May 7, 2020, the Court directed Classic Auto to move for entry of default pursuant to Local Rule CV-55. (Doc. 58). Classic Auto moved for entry of default, and the Clerk of Court entered default against Morgan. (Docs. 62, 89). Prior to the Clerk's entry of default, Classic Auto filed the instant Motion for Default Judgment. (Doc. 63).

## II. Legal Standard

A default judgment is a remedy that is "not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). However, Federal Rule of Civil Procedure 55 permits the entry of default and default judgment against a party who fails to plead or otherwise defend.

Even if a party is in default, the opposing party "is not entitled to default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts often utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Second, courts assess the substantive merits of the plaintiff's claims and determine whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. If a defendant has defaulted, the factual allegations in the complaint are taken as true, except those regarding damages. *See Jackson v. FIE Corp*., 302 F.3d 515, 524–525 (5th Cir. 2002). However, "the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The party seeking default must establish that the pleadings provide a sufficient basis to support a judgment. *Id.*

Finally, courts determine what form of relief, if any, the plaintiff should receive in the case. *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

The Court exercises its discretion to decline to enter default judgment because the Third-Party Complaint[1] lacks factual sufficiency. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment to be entered.").

The Third-Party Complaint's factual allegations that relate to Morgan are sparse. He is alleged to be "engaged in the business of adjusting insurance claims in the state of Texas." (Doc. 35 at 2). Classic Auto also alleges the following:

> Defendants by and through Ocie Morgan, have failed to fairly and properly adjust Classic Auto's claim made the basis of this suit and summarily denied payment of the claim with obvious knowledge and clear evidence of a covered peril/loss, to the extent that its own

---

1. Classic Auto filed a First Amended Counter Complaint/Third-Party Complaint. (Doc. 65). However, Morgan was served with the original Third-Party Complaint. Accordingly, that is the pleading the Court considers.

3

> licensed agency admits that the covered loss should have been recognized as such and paid for promptly without subjecting Classic Auto to all of Defendants' improper delay tactics.

*Id.* at 9. Additionally, there are general factual allegations that include all the counter defendants and third-party defendants (Defendants). For example, "each of the Defendants have constantly assured Classic Auto that it was adequately insured and that the Insurer, Arch, would comply with its Policy"; "Defendants have also failed to perform their contractual duty to adequately compensate Classic Auto, as the injured party under the terms of the Policy"; and "Defendants have misrepresented to Classic Auto that it was covered for damages caused by hail and/or wind storms since Defendants have wrongly denied payment of such a covered loss, in violation of the terms of the Policy." *Id.* at 8–9. However, these factual allegations are not sufficient to support judgment on any of the seven causes of action asserted against Morgan: vicarious liability, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act (DTPA), violations of the Texas Insurance Code, negligent misrepresentation, fraud, and conspiracy. *Id.* at 12–22.

    **A. Vicarious Liability**

    Vicarious liability is a theory of liability not an independent cause of action under Texas law. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) ("None would take this usage to mean vicarious liability is an independent cause of action."); *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.—Dallas 2004, no pet.) (noting vicarious liability "is liability placed upon one party for the conduct of another, based solely on the relationship between the two" and is not an independent cause of action). Furthermore, Classic Auto's discussion of this "cause of action" is focused on James Grundy and Grundy Insurance.

(*See* Doc. 35 at 12–13). Consequently, the Court concludes there is not a sufficient basis to support a judgment against Morgan based on vicarious liability.

### B. Duty of Good Faith and Fair Dealing

Under Texas law, the duty of good faith and fair dealing "emanates" from the "special relationship" between the insured and insurer; this special relationship exists because they "are parties to a contract that is the result of unequal bargaining power, and by its nature allows unscrupulous insurers to take advantage of their insureds." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–698 (Tex. 1994). "Without such a contract there would be no 'special relationship' and hence, no duty of good faith and fair dealing." *Id.* at 698. Consequently, the Texas Supreme Court has held agents or contractors of the insurer owe no duty of good faith and fair dealing to the insured as there is no special relationship between them and the insured. *Id.* Therefore, Morgan cannot be liable to Classic Auto for a breach of the duty of good faith and fair dealing.

### C. DTPA

"The DTPA grants consumers a cause of action for false, misleading, or deceptive acts or practices." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Classic Auto alleges that Defendants engaged in conduct that violated the DTPA and lists actions that constitute "false, misleading, or deceptive acts or practices" under the DTPA. (Doc. 35 at 15–16); *see* Tex. Bus. & Com. Code Ann. § 17.46(b). Classic Auto's allegations regarding these actions closely track the statutory language and offer no factual details. There are factual allegations in the Third-Party Complaint that reference allegedly false or misleading actions, but they are not specific to Morgan and are attributed to all Defendants. Moreover—because the Third-Party Complaint asserts the same factual allegations for all causes of action—the DTPA claims, the negligent misrepresentation claims, and the fraud claims rest on the same alleged facts.

5

Accordingly, all are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (applying Rule 9(b) particularity requirements to negligent misrepresentation and fraud claims that were "based on the same set of alleged facts"); *Lone Star Lades Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting Rule 9(b) pleading requirements apply to all assertions of fraud, even if they are not part of a fraud claim); *Lopez v. United Prop. and Cas. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016) (applying the Rule 9(b) standard to a DTPA claim); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 836–37 (S.D. Tex. 2011) (discussing the rationale for applying Rule 9(b) to DTPA claims when they are based on the same facts as fraud claims). Rule 9(b) requires allegations regarding the "the time, place and contents of the false representation," the identity of the person who made the misrepresentation, and "what that person obtained thereby." *IAS Servs. Grp., LLC v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018). "Put simply, Rule 9(b) requires the who, what, when, where and how to be laid out." *Benchmark*, 343 F.3d at 724 (internal quotation marks omitted) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). The Third-Party Complaint lacks factual allegations regarding the who, what, where, when, and how of Morgan's allegedly false, misleading, or deceptive acts or unconscionable conduct. Consequently, there is not a sufficient factual basis to support a judgment for violations of the DTPA.

### D. Texas Insurance Code

Classic Auto alleges Morgan and the other defendants violated certain provisions of the Texas Insurance Code and groups these allegations together under a cause of action it refers to as "unfair insurance practices." (Doc. 35 at 17–19). Classic Auto references Texas Insurance Code

6

§ 541.060, § 541.151, and § 541.061, and asserts Defendants engaged in one or more improper settlement practices out of a list of more than ten. Many of the allegations track the language of the relevant statutory provisions, but they offer few factual specifics. *See id.* Accordingly, the factual allegations that support this claim are the same general factual allegations that support all the other causes of action.[2] As previously noted, the factual allegations as to Morgan are sparse. An insurance adjuster can be held liable for violations of the Texas Insurance Code. *See* Tex. Ins. Code Ann. § 541.002(2) (including an "adjuster" in the definition of "person"); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544–541(5th Cir. 2004) (discussing liability for individual employees who themselves violate the law). However, "for [] adjuster[s] to be held individually liable, they have to have committed some act that is prohibited by the [Texas Insurance Code], not just be connected to an insurance company's denial of coverage." *Lopez*, 197 F. Supp. 3d at 949 (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)). The Third Party-Complaint lacks sufficient factual assertions regarding Morgan's actions that allegedly violated the Texas Insurance Code and, consequently, there is not a sufficient factual basis to support a judgment that Morgan violated the Texas Insurance Code.

### E. Negligent Misrepresentation

Classic Auto's negligent misrepresentation claim[3] against Morgan is also factually deficient. As noted above, Rule 9(b)'s particularity requirements apply to negligent

---

2. To the extent the Texas Insurance Code violations are premised on the same factual allegations regarding misrepresentations that form the basis of the fraud claim, Rule 9(b)'s particularity requirements are applicable. *See Omni USA, Inc.*, 798 F. Supp. 2d at 836–37 (discussing the circumstances under which Rule 9(b) applies to Texas Insurance Code claims).
3. The elements of negligent misrepresentation include:
> (1) a representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

7

misrepresentation claims that have the same factual basis as fraud claims. *See Benchmark*, 343 F.3d at 723. The Third-Party Complaint does not distinguish the facts that support the negligent misrepresentation claims from the facts that support the fraud claim. Accordingly, the Court concludes they have the same factual basis and are subject to Rule 9(b). *See id.* There are no factual allegations regarding misrepresentations made specifically by Morgan, much less about the time and place of the misrepresentation and what Morgan gained by making the misrepresentation. *See IAS Servs. Grp.*, 900 F.3d at 647. Consequently, the Court concludes there is not a sufficient factual basis to support a judgment on the negligent misrepresentation claim.

### F.  Fraud

Classic Auto asserts a cause of action for fraud against all Defendants. (*See* Doc. 35 at 20). Under Texas law, there are four elements in a fraud claim: (1) the defendant "made a material representation that was false;" (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;" (3) the defendant "intended to induce" the plaintiff "to act upon the representation;" and (4) the plaintiff "actually and justifiably relied on the representation and thereby suffered injury." *Ernst & Young LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). As previously discussed, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Accordingly, parties asserting fraud claims must allege "the who, what, when, where and how" of the false representation. *See Benchmark*, 343 F.3d at 724. Classic Auto does not allege facts regarding the what, when, where, and how of Morgan's allegedly false representation(s). Consequently, the Third-Party Complaint lacks a sufficient factual basis to support a judgment for fraud against Morgan.

---

information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.
*Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 576 (Tex. App.—El Paso 2014, no pet.).

8

### G. Conspiracy

Classic Auto asserts a conspiracy cause of action against all Defendants. However, the Texas Supreme Court has determined that "civil conspiracy is a theory of vicarious liability and not an independent tort." *Agar Corp.*, 580 S.W.3d at 142. "Civil conspiracy depends entirely on the injury caused by the underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself." *Id.* at 141. The Third-Party Complaint does not clearly allege the underlying tort that supports the conspiracy claim. However, it does assert Defendants' actions included "making false statements, misrepresenting material facts, and engaging in actions and/or omissions for the purpose of misleading Classic Auto as to their actual policy, claims, claim values, insurance benefits, coverages, contract terms and damages resulting from the perils/losses related to any claim." (Doc. 35 at 21). This language suggests the underlying tort is fraud. However, as previously discussed, the Third-Party Complaint lacks sufficient factual specificity to support a judgment for fraud. Accordingly, the Court concludes there is a similar lack of factual basis to support a judgment for fraud under a civil conspiracy theory of liability.

\* \* \*

The Third-Party Complaint lacks a sufficient factual basis to support a default judgment against Morgan as to any of the causes of action asserted against him. Accordingly, the Court exercises its discretion and declines to enter default judgment on the Third-Party Complaint. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

9

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion for Default Judgment be **DENIED**. (Doc. 63).

It is so **ORDERED**.

SIGNED this 23rd day of February, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE